United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. LYNN SCHOENMANN,<br><br>Plaintiff,<br><br>v.<br><br>BILLIE Z. SALEVOURIS, et al.,<br><br>Defendants. | Case No. 15-cv-05193-JSC<br><br>**ORDER RE: MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 21, 23, 24, 25, 26, 27, 29 |

Plaintiff E. Lynn Schoenmann ("Plaintiff"), trustee for the bankruptcy estate of Debtor Frank E. Lembi ("Lembi"), brings this action against Defendants Billie Z. Salevouris and David Raynal (collectively, "Defendants") to recover approximately $1.8 million in funds that Plaintiff alleges Lembi fraudulently transferred to Defendants. The Court held a hearing on the parties' respective motions *in limine* on October 19, 2016. As set forth on the record at the hearing, the Court rules as set forth below.

**I.      Plaintiff's MIL No. 1 and Defendants' MIL No. 4 re: Alter Ego (Dkt. Nos. 24, 29)**

Plaintiff's MIL No. 1 is DENIED and Defendants' MIL No. 4 is GRANTED. The Court concludes that Plaintiff's First Amended Complaint does not sufficiently allege any alter ego theory—traditional, reverse, or otherwise—and thus she is not permitted to argue any such theory at trial, either to the Court or to the jury.

 "The equitable alter ego doctrine governs whether two separate entities may be treated as the same entity." *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (citation omitted). "The alter ego doctrine applies where (1) such a unity of interest and ownership exists that the personalities of the corporation and individual are no longer separate, and (2) an inequitable result will follow if the acts are treated as those of the corporation alone." *RRX Indus., Inc. v. Lab-Con,*

United States District Court
Northern District of California

*Inc.*, 772 F.2d 543, 545 (9th Cir. 1985) (citations omitted).  "Conclusory allegations of 'alter ego' status are insufficient to state a claim.  Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each."  *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).  "In assessing alter ego, courts consider the commingling of funds and other assets of the entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership of the entities, use of the same offices and employees, use of one as a mere shell or conduit for the affairs of the other, inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers."  *Sandoval*, 34 F. Supp. 3d at 1040.

The First Amended Complaint does not state a claim for alter ego liability.  Indeed, Defendants could not have even moved to dismiss an alter ego theory for failure to state a claim because the First Amended Complaint does not suggest any such theory.  Instead, Plaintiffs' theory is that Lembi owned the funds at issue and First Apartment Rentals, Inc. served merely as Lembi's agent or conduit in distributing the funds to Defendants.

**II.     Plaintiff's MIL No. 2 re: Audio and Transcripts from 341 Meeting of Creditors in the Event the Debtor is Unavailable as a Witness (Dkt. No. 25)**

DENIED without prejudice.  While Plaintiff has identified audio recordings and transcripts from 11 different days of 341 Meetings of Creditors that she may want to introduce at trial, she has not identified the specific portions of the recordings or transcripts that she may seek to introduce.  Without this information, the Court is unable to determine whether the requirements of the Residual Hearsay Exception are satisfied.  *See* Fed. R. Evid. 807.  For example, the Court cannot determine that the transcript portion offered "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts," Fed. R. Evid. 807(a)(3), without knowing more particularly what portions of the transcripts Plaintiff seeks to offer.  On or before November 16, 2016 Plaintiff shall provide Defendants and the Court with copies of the recordings or transcripts with the portions that Plaintiff may seek to admit under Rule 807 highlighted or otherwise identified. The parties should be prepared to discuss the admissibility of the highlighted portions at the pretrial conference.

**III.    Plaintiff's MIL No. 3 and Defendants' MIL No. 1 re: Testimony of Trustee's Accountant Jay Crom (Dkt. Nos. 21, 26)**

Plaintiff's MIL No. 3 is DENIED IN PART and GRANTED IN PART provisionally, and Defendants' MIL No. 1 is GRANTED to the extent Plaintiff seeks to introduce expert testimony through her accountant Jay Crom ("Crom").

Plaintiff concedes she did not disclose Crom as an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2); he therefore cannot provide expert testimony at trial.  Crom is also not permitted to testify as a percipient witness pursuant to Federal Rule of Evidence 602 as to the operations and records of First Apartment Rentals, Inc.  Crom was never employed by or present at FAR; he therefore does not have personal knowledge of FAR's corporate structure or the financial transactions that it engaged in. Crom's review of FAR's business records after the fact does not, as Plaintiff argues, make him a percipient witness. *See E. Point Sys., Inc. v. Maxim*, No. 3:13-CV-00215 (VAB), 2015 WL 8023569, at *2 (D. Conn. Dec. 4, 2015).

Plaintiff is provisionally permitted to have Crom testify as a summary witness pursuant to Federal Rule of Evidence 1006 provided that Plaintiff can lay a proper foundation for the records or data underlying the summary evidence.  With respect to the ownership information discussed in Crom's summary chart (*see* Dkt. No. 26-1 at 3 (note A)), Plaintiff must identify the underlying documentary evidence to establish that Crom is summarizing the evidence of record as opposed to providing an expert opinion.  Plaintiff shall provide a written submission with her supporting evidence no later than November 16, 2016.  Defendants may file a written response no later than November 23, 2016 addressing whether Crom's discussion of ownership information is in fact proper summary evidence.  Finally, Defendants may, at the appropriate time, seek a limiting instruction to the jury regarding the use of summary evidence.  *See, e.g.*, *United States v. Olano*, 62 F.3d 1180, 1204 (9th Cir. 1995) (finding district court did not abuse its discretion in admitting summary evidence through a certified public accountant where "[t]he district court examined the government's summary charts prior to their admission to the jury, the defendants had an opportunity to review the charts, and the court gave a limiting instruction informing the jury that the summaries were not being admitted as substantive evidence" and where the defendants had an

United States District Court
Northern District of California

opportunity to cross-examine the witness).

**IV.   Defendants' MIL No. 2 re: Exclusion of Undisclosed Documentary Evidence (Dkt. No. 23)**

DENIED.  Federal Rule of Civil Procedure 26(a)(1)(A) requires a party, without awaiting a discovery request, to provide, among other things, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Plaintiff complied with this Rule 26 obligation when she served Initial Disclosures that identified categories of documents that she may use to support her claims or defenses.  (Dkt. No. 23-7 at 4.)  That Defendants thereafter failed to request copies of the identified documents does not change this fact.  Further, there is no prejudice to Defendants given that the parties have now exchanged trial exhibit lists. (Dkt. No. 44 at 7-9.)

As discussed at the hearing, Defendants are permitted to file a further motion *in limine* regarding the exclusion from evidence of a consent order from related state court proceedings. Defendants shall file their motion, if any, no later than November 16, 2016.  Plaintiff shall file her response no later than November 23, 2016.

**V.   Defendants' MIL No. 3 re: Exclusion of Evidence of Non-Party Frank E. Lembi's Invocation of Fifth Amendment Privilege (Dkt. No. 27)**

DENIED.  While the Ninth Circuit has not ruled on the admissibility of a non-party's invocation of his Fifth Amendment privilege, Defendants note that the Second Circuit in *LiButti v. United States*, 107 F.3d 110, 123-24 (2d Cir. 1997), articulated several non-exclusive factors that courts can consider in determining whether to admit such evidence—specifically, (1) the nature of the relevant relationships, (2) the degree of control of the party over the non-party witness, (3) the compatibility of the interests of the party and non-party witness in the outcome of the litigation, and (4) the role of the non-party witness in the litigation.  "Whether these or other circumstances unique to a particular case are considered by the trial court, the overarching concern is fundamentally whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth."  *Id.* at 124.  At least one court in this District has discussed the

1    *LiButti* factors.  *See Cotton v. City of Eureka*, No. C-08-04386 SBA (EDL), 2010 WL 2889498, at

2    *4 (N.D. Cal. July 22, 2010).

3    Under the specific circumstances of this case, the probative value of Lembi's invocation of

4    his Fifth Amendment privilege outweighs any danger of unfair prejudice, confusing the issues,

5    misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  *See*

6    Fed. R. Evid. 403.  *LiButti* factors (1) and (4) are particularly relevant to the Court's

7    determination.  With respect to factor (1), both parties agree that there is a close relationship

8    between Lembi and Defendants.  (*See* Dkt. No. 27 at 4 ("Here, there is indeed a historically close

9    relationship among Mr. Lembi and the Defendants."); (Dkt. No. 32 at 4 ("The Debtor has a close,

10   very close, relationship with both Defendants.").)

11   As to factor (4), the Court considers "[w]hether the non-party witness was a key figure in

12   the litigation and played a controlling role in respect to any of its underlying aspects[.]"  *LiButti*,

13   107 F.3d at 123-24.  Contrary to Defendants' assertions (*see* Dkt. No. 27 at 4-5), Lembi is *the* key

14   figure in this case; it is his state of mind and his actions—not those of Defendants—that form the

15   basis of Plaintiff's claims for fraudulent and preferential transfer.  As Plaintiff notes, "[w]ere the

16   Debtor not invoking the Fifth Amendment, nearly all of the evidence required to prove the claims

17   in this action could be elicited from him."  (Dkt. No. 32 at 4.)  Plaintiff should thus be permitted to

18   introduce evidence of Lembi's prior invocation of the Fifth Amendment and/or call Lembi at trial

19   so the jury can hear him invoke the Fifth Amendment.  Otherwise, the jury may be left to wonder

20   why Plaintiff did not call Lembi to establish the facts of the case.  *See, e.g., Cerro Gordo Charity*

21   *v. Fireman's Fund Am. Life Ins. Co.*, 819 F.2d 1471, 1482 (8th Cir. 1987) ("Richards is also a key

22   figure in this case.  His actions form the very basis of the affirmative defense of fraud.  If anyone

23   knew whether there was an intent to commit a fraud, it was Richards.  Hearing Richards invoke

24   the privilege informed the jury why the parties with the burden of proof, i.e., the insurance

25   companies, resorted to less direct and more circumstantial evidence than Richards' own account of

26   what had occurred.  Otherwise, the jury might have inferred that the companies did not call

27   Richards to testify because his testimony would have damaged their case.") (internal citations

28   omitted); *Pac. Gas & Elec. Co. v. Howard P. Foley Co.*, No. CIV. 85-2922 SW, 1993 WL

United States District Court
Northern District of California

299219, at *10 (N.D. Cal. July 27, 1993) (granting plaintiff permission for issuance of trial

subpoena to non-party witness despite his indication that he would invoke the Fifth Amendment,

noting that the plaintiff faced a problem similar to *Cerro Gordo*).

This Order disposes of Docket Nos. 21, 23, 24, 25, 26, 27, and 29.

**IT IS SO ORDERED.**

Dated: October 24, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California